**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAMELA WALLER *on behalf of herself and all others similarly situated*,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>SUNRISE CREDIT SERVICES, INC.  )<br>)<br>Defendant.  )<br>_____)  | Case No. 2:20-cv-02229<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

**NATURE OF ACTION**

1. Plaintiff Pamela Waller ("Plaintiff") brings this putative class action against Defendant Sunrise Credit Services, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL

3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks and citation omitted).

7. "[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

8. "The purpose of the least-sophisticated-consumer standard, here as in other areas of consumer law, is to ensure that the statute protects the gullible as well as the shrewd." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).

9. "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

## PARTIES

10. Plaintiff is a natural person.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal consumer products (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated December 24, 2019.

19. A true and correct copy of Defendant's December 24, 2019 letter is attached as Exhibit A.

20. Defendant's December 24, 2019 letter was its initial communication with Plaintiff with respect to the Debt.

21. The front-side of Defendant's December 24, 2019 letter lists the name of the creditor, the creditor's account number, Defendant's account number, and the balance of the Debt. Exhibit A at 2.

22. Defendant's December 24, 2019 letter states: "The above reference account has been placed by Publishers Clearing House for the past due amount. We would like to work with you to provide option to resolve this debt." *Id*.

23. Defendant's December 24, 2019 letter then provides Plaintiff with three options for paying the Debt. *Id*.

24. The bottom of Defendant's December 24, 2019 letter instructs Plaintiff to "PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT. KEEP TOP PORTION FOR YOUR RECORDS." *Id.*

25. However, nowhere on the front-side of Defendant's December 24, 2019 letter does it provide Plaintiff with the notices required in an initial communication under 15 U.S.C. § 1692g(a).

26. Instead, Defendant placed the requisite notices, along with other information, on the back-side of its December 24, 2019 letter.

27. However, nowhere on the front-side of Defendant's December 24, 2019 letter does it advise Plaintiff that important information is printed on the back-side of the letter.

28. Upon receiving Defendant's December 24, 2019 letter, Plaintiff, or the least sophisticated consumer, would not be alerted that important information is printed on the back-side of the letter.

29. Thus, by failing to alert Plaintiff, or the least sophisticated consumer, that important information is on the back-side of Defendant's December 24, 2019 letter, Defendant overshadowed Plaintiff's right to dispute and request verification of the Debt within the 30-day time period.

30. In addition, because the text on the back-side of Defendant's December 24, 2019 letter is printed against a gray background, Plaintiff, or the least sophisticated consumer, may have difficulty reading it.

31. Further, nowhere on Defendant's December 24, 2019 letter—neither front nor back-side—does Defendant disclose that it is a debt collector attempting to collect a debt and that any information obtained will be used for the purpose.

## CLASS ALLEGATIONS

32. Plaintiff repeats and re-alleges all factual allegations above.

33. Upon information and belief, Sunrise's December 24, 2019 letter is based on a form or template (the "Template") used to send an initial written communication to a consumer.

34. Sunrise has used the Template to send initial collection notices to at least 40 individuals in the State of Hawaii within the one year prior to the filing of this complaint.

35. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class:

> All individuals with a Hawaii address to whom Sunrise sent an initial collection letter based on the Template, within one year before the date of this complaint, and in connection with the collection of a debt.

36. The proposed class specifically excludes the United States of America, the State of Hawaii, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

37. The class is averred to be so numerous that joinder of members is impracticable.

38. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

39. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

40. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct

particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 et seq.; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

41. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

42. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

43. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

44. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

45. Plaintiff is willing and prepared to serve this Court and the proposed class.

46. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

47. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class

would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

49. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

52. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling

separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

53.     Plaintiff repeats and re-alleges each factual allegation above.

54.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

55.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

56.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

57.     To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

58. If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

59. "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

*60.* "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

61. "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

62. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil

      Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

63. Plaintiff repeats and re-alleges each factual allegation above.

64. The FDCPA "provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt and that any

information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

65. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

66. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 18, 2020.

Respectfully submitted,

s/Justin Auslaender
Justin Auslaender
Eastern District Bar No. JA5875
NY Bar No. 5095476
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (347) 960-9671
Facsimile:  (347) 960-9252
Email: justin@ThompsonConsumerLaw.com
Attorneys for Plaintiff

*Please direct local correspondence to*:

43 W. 43rd St., Ste. 266
New York, NY 10036